UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SUTTER O'CONNELL CO., | ) | CASE NO. 1:18CV2800 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| WHIRLPOOL CORPORATION, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court on the Motion (Doc. 9) of Defendant Whirlpool Corporation to Dismiss with prejudice Plaintiff Sutter O'Connell Co.'s Complaint. For the following reasons, the Court **DENIES** Defendant's Motion.

**I. FACTS AS ALLEGED IN THE COMPLAINT**

Plaintiff is an Ohio law firm. (Compl. ¶ 1). Defendant is a corporation that found itself in a lawsuit styled *Joann Fredrickson v. American Electric Washer Co., et al.*[1] (the "*Fredrickson* case"). (*Id.* at ¶¶ 2, 7). Needing representation, Defendant retained Plaintiff. (*Id.* at ¶ 7). Plaintiff filed its Notice of Appearance on December 18, 2014. (*Id.*; Ex. 2).

---

[1] Cuyahoga County Common Pleas, No. 835962.

-1-

For its work on the *Fredrickson* case, Plaintiff invoiced Defendant monthly, as Defendant directed. (*Id.* at ¶ 8). Defendant timely paid invoices through November 30, 2016. (*Id.* at ¶ 10). After that date however, Defendant paid Plaintiff sporadically until June 14, 2017. (*Id.*). Eventually payments stopped all together, as Defendant has not compensated Plaintiff since June 14, 2017. (*Id.* at ¶ 11). In total, Defendant owes Plaintiff $114,900.22. (*Id.* at ¶ 12).

On December 4, 2018, Plaintiff filed its Complaint against Defendant alleging Breach of Contract, Unjust Enrichment and Promissory Estoppel. (Doc. 1). On January 14, 2019, Defendant filed its Motion to Dismiss the Complaint alleging Plaintiff failed to state a claim and failed to join an indispensable party under Federal Rule of Civil Procedure 19. (Doc. 9). Plaintiff filed its Brief and Opposition (Doc. 10) and Defendant filed its Reply (Doc. 11) shortly thereafter.

## II. LAW AND ANALYSIS

### A.    Rule 12(b)(6) Standard of Review

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), discussed *Twombly* and provided

additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusion, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

When a court is presented with a Rule 12(b)(6) motion, it may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

**B.     Breach of Contract**

In Ohio, "it is well-established that there are three classes of simple contracts: express, implied in fact, and implied in law." *Legros v. Tarr*, 540 N.E.2d 257, 263 (Ohio 1989) (citing *Hummel v. Hummel*, 14 N.E.2d 923, 925-26 (Ohio 1938); *Rice v. Wheeling Dollar Sav. & Trust Co.*, 99 N.E.2d 301 (Ohio 1951)). An express contract occurs when the parties' agreement to a contract's terms is expressed through an offer and acceptance. *Id.* A contract implied in fact occurs when a meeting of the minds is demonstrated by the surrounding circumstances, allowing a fact-finder to infer the existence of a contract by tacit understanding. *Id.*; *see also Lucas v. Costantini*, 469 N.E.2d 927, 929 (Ohio Ct. App. 12th 1983) ("A contract implied in fact may be proved by showing that the circumstances surrounding the parties' transactions make it reasonably certain that an agreement was intended") (citations omitted).

To prove a breach of contract under Ohio law, the following elements must be established: 1) the existence of a valid contract; 2) performance by the plaintiff; 3) breach by the defendant; and 4) damage or loss to the plaintiff.  *Samadder v. DMF of Ohio, Inc.*, 798 N.E.2d 1141, 1147 (Ohio Ct. App. 10th 2003); *Doner v. Snapp*, 649 N.E.2d 42, 44 (Ohio Ct. App. 2d 1994); *Thomas v. Publishers Clearing House, Inc.*, 29 Fed. App'x 319, 322 (6th Cir. Feb. 5, 2002).  As an enforceable contract is one of the basic prerequisites of a breach of contract claim, *Garofalo v. Chicago Title Ins. Co.*, 661 N.E.2d 218, 226 (Ohio Ct. App. 8th 1995), a party must prove all the essential elements of a contract including an offer, acceptance, the manifestation of mutual assent and consideration.  *Kostelnik v. Helper*, 770 N.E.2d 58, 61 (Ohio 2002).  The elements of an implied in fact contract are the same as those of an express contract: offer, acceptance, consideration and a meeting of the minds.  *Danko v. MBIS, Inc.*, 1995 WL 572021, at *3 (Ohio Ct. App. 8th Sept. 28, 1995).

Here, Plaintiff included sufficient facts on which relief can be granted.  Plaintiff attached three exhibits to its Complaint as evidence of a contractual relationship.  First, Plaintiff provided a Notice of Appearance in which Plaintiff appeared on Defendant's behalf in the *Fredrickson* case.  Second, Plaintiff provided a W-9 issued by Defendant on Defendant letterhead directing payment to Plaintiff for legal services.  Third, Plaintiff provided invoices submitted in the *Fredrickson* case listing Defendant as the client.  Taken together, a fact-finder could infer the existence of a contract implied in fact based on these allegations.  Plaintiff's factual allegations are "enough to raise a right to relief above the speculative level."  *Twombly*, at 555 (citing C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216, pp. 235–236 (3d ed. 2004)).  Thus, the Court finds that Plaintiff has provided a "short and plain statement of the claim

showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

Defendant's primary argument to the contrary is that Plaintiff had a contract with a third-party law firm known as Adams Nye Becht, LP ("ANB") – not Defendant. To support that position, Defendant attaches to its Motion "Whirlpool Corporation National Asbestos Counsel and Local Counsel Case Management Guidelines." (Doc. 9-2). According to Defendant, ANB authored these Guidelines and entered into a contract directly with Plaintiffs. Even though Defendant is the ultimate client and recipient of the intended legal services, Plaintiff does not have a contract with Defendant.

Defendant's position is mistaken. At the outset, Plaintiff does not mention ANB in its Complaint. Furthermore, Plaintiff argues that ANB was acting as Defendant's agent. Thus, Defendant's unsupported allegation that Plaintiff had a contract with ANB is misguided because the existence of such a contract would not alter Plaintiff's rights with respect to its alleged contract with Defendant. In other words, the existence of a contract between Plaintiff and ANB does not preclude the Court from finding a valid contract between Plaintiff and Defendant.

Plaintiff claims that a contract existed between Plaintiff and Defendant under which Plaintiff performed legal services for Defendant. The fact that Plaintiff does not point out the specific terms of the contract or state plainly whether the contract was express, implied in fact or implied in law is of no consequence. In the Sixth Circuit and under Ohio law, the label a plaintiff applies to a pleading does not control the nature of the cause of action being asserted. *See, e.g., Minger v. Green*, 239 F.3d 793, 799 (6th Cir. 2001) (citing *U.S. v. Louisville & Nashville R.R. Co.*, 221 F.2d 698, 701 (6th Cir. 1955)). A plaintiff's failure to categorize the legal theory giving rise to a claim does not matter as long as the complaint alleges facts on which

relief can be granted.  *See Gean v. Hattaway*, 330 F.3d 758, 765 (6th Cir. 2003) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 604 (5th Cir. 1981)).

While this Court may consider attachments to Defendant's Motion if they are referred to in the Complaint and central to Plaintiff's claims, it still must accept factual "allegations as true and draw all reasonable inferences in favor of Plaintiff." *Directv, Inc.*, 487 F.3d at 476. Defendant's attachment of the Guidelines merely creates issues of fact for the Court, which it will not resolve at this stage of the proceedings.  Instead, the Court will focus on Plaintiff's factual allegations, assume their veracity and "determine whether they plausibly give rise to" a breach of contract claim against Defendant.  *Iqbal*, 556 U.S. at 679.  At this early stage of the proceedings, the Court determines that Plaintiff's Complaint does so in this instance.

### C. Equitable Claims

Defendant alleges that Plaintiff's equitable claims fail for two reasons.  First, Defendant claims that Ohio law bars recovery under equitable doctrines like unjust enrichment and promissory estoppel where an express contract covers the dispute.  *See CoMa Ins. Agency Inc. v. Safeco Ins. Co.*, 526 Fed. App'x 465, 469 (6th Cir. Apr. 25, 2013).  Second, Defendant claims that, even if this Court finds that an express contract does not govern the subject-matter of Plaintiff's equitable claims, Plaintiff has failed to plead facts sufficient to demonstrate entitlement to relief under a theory of unjust enrichment or promissory estoppel, as required under Rule 8(a)(2).

Defendant's first argument fails because it is permissive at this stage for Plaintiff to make equitable claims that may subsequently be barred by contract.  Federal Rule of Civil Procedure 8(a)(3) permits pleadings in the alternative "when, for instance, there is a dispute between the

parties as to whether an express agreement exists." *Solo v United Parcel Service*, 819 F.3d 788, 796 (6th Cir. 2016) (citing *Bowlers' Alley, Inc. v. Cincinnati Ins. Co.*, 32 F. Supp. 3d 824, 833–34 (E.D. Mich. 2014)). Thus, it is premature to dismiss Plaintiff's equitable claims merely because Defendant alleges that a contract exists only between ANB and Plaintiff. In making such an allegation, Defendant impliedly disputes the existence of a contract between Defendant and Plaintiff. Defendant's position therefore precludes dismissal of Plantiff's equitable claims.

Second, Defendant alleges Plaintiff has failed to plead sufficient facts showing it is entitled to relief under a theory of unjust enrichment or promissory estoppel. Each equitable claim is addressed separately below.

### i. *Unjust Enrichment*

To state a claim for unjust enrichment, Plaintiff must show: (1) a benefit conferred on defendant by plaintiff; (2) defendant's knowledge of the benefit; and (3) defendant's retention of the benefit "under circumstances where it would be unjust to do so without payment." *Anderson, Inc. v. Consol, Inc.*, 348 F.3d 496, 501 (6th Cir. 2003) (quoting *Brown-Graves Co. v. Obert*, 648 N.E.2d 1379, 1383 (Ohio Ct. App. 9th 1994)). As the doctrine of unjust enrichment is an equitable remedy designed to prevent injustice, the plaintiff must not only show that a benefit was conferred on the defendant, but also that the retention of that benefit without payment, under the circumstances, would be unjust. *Id*. The defendant need not necessarily have acted improperly as unjust enrichment also results from a failure to make restitution where it is equitable to do so. *Reisenfeld & Co. v. Network Group, Inc.*, 277 F.3d 856, 860–61 (6th Cir. 2002).

Here, Plaintiff conferred a benefit on Defendant by providing legal representation to

Defendant in the *Fredrickson* case. Defendant does not allege that it was unaware of this benefit and does not otherwise allege deficiencies in Plaintiff's representation. And while Defendant claims it already paid ANB for Plaintiff's services, there is no proper evidence before the Court to support this allegation.

Further, the factual allegations support a finding that Defendant was aware that it received a benefit because Defendant issued Plaintiff a W-9 for legal representation. It is reasonable to conclude that Defendant's retention of the benefit under the circumstances would be unjust. Thus, construing the facts in a light most favorable to Plaintiff, the Court finds that Plaintiff has pled sufficient facts to support a claim for unjust enrichment.

    ii.  *Promissory Estoppel*

To state a claim for promissory estoppel under Ohio law, Plaintiff must show: "(1) a clear and unambiguous promise; (2) reliance upon the promise by the promisee; (3) reliance by the promisee that is both reasonable and foreseeable; and (4) injury to the promisee as a result of the reliance." *McCarthy v. Ameritech Pub., Inc.*, 763 F.3d 469, 487 (6th Cir. 2014) (citation omitted). "A clear and unambiguous promise is the type that the promisor would expect to induce reliance. This...element...is not satisfied by vague or ambiguous references." *Casillas v. Stinchcomb*, 2005-Ohio-4019, ¶ 19 (Ohio Ct. App. 6th July 8, 2005) (internal citations omitted).

The Complaint states a valid claim for promissory estoppel. It tells a story of Defendant hiring Plaintiff to represent it in civil litigation. In return for the services, Defendant was to pay Plaintiff and in fact did. (Compl. ¶ 10). In reliance on Defendant's promises, Plaintiff performed and represented Defendant in the *Fredrickson* case. (Compl. ¶ 7). A law firm representing a client in reliance on the client's wishes and continued payments is both reasonable

and foreseeable. But for whatever reason, Defendant stopped paying Plaintiff and now allegedly owes $114,900.22. (Compl. ¶¶ 11-12).

After "drawing reasonable inferences in favor of" Plaintiff, Plaintiff has alleged enough facts to state a claim for promissory estoppel "above the speculative level."

### D. Rule 12(b)(7) Standard of Review

When reviewing a motion to dismiss pursuant to Civil Rule 12(b)(7), the Sixth Circuit applies a three-part test. *Keweenaw Bay Indian Cmty. v. Michigan*, 11 F.3d 1341, 1345-46 (6th Cir. 1993). First, the court must "determine whether a person is necessary to the action and should be joined if possible." *Id.* at 1345. Pursuant to Rule 19(a)(1),

> a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject matter of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1).

"If the court finds that the absent person or entity falls within either one of these provisions, the party is thus one to be joined if feasible." *Keweenaw*, 11 F.3d at 1345. However, "[i]f the court determines that the person or entity does not fall within one of these provisions, joinder, as well as further analysis, is unnecessary." *Local 670, United Rubber, Cork, Linoleum & Plastic Workers of Am., AFL-CIO v. Int'l Union, United Rubber, Cork, Linoleum & Plastic Workers of Am., AFL-CIO*, 822 F.2d 613, 618 (6th Cir. 1987). Steps two and three deal with personal jurisdiction and indispensability. *Keweenaw*, 11 F.3d at 1145. "If personal jurisdiction

is present, the party shall be joined; however, in the absence of personal jurisdiction (or if venue as to the joined party is improper), the party cannot properly be brought before the court." *Local 670*, 822 F.2d at 618. Without personal jurisdiction, the court proceeds to the third factor, which examines the factors set forth in Rule 19(b) "to determine whether the court may proceed without the absent party or, to the contrary, must dismiss the case due to the indispensability of that party." *Id.* The factors determining indispensability are:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to [the person] or to those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder.

*Keweenaw*, 11 F.3d at 1346 (quoting *Local 670*, 822 F.2d at 618). The Sixth Circuit has noted that "[i]deally, all [the] parties would be before the court. Yet Rule 19 calls for a pragmatic approach; simply because some forms of relief might not be available due to the absence of certain parties, the entire suit should not be dismissed if meaningful relief can still be accorded." *Id.* (quoting *Smith v. United Brotherhood of Carpenters and Joiners of America*, 685 F.2d 164, 166 (6th Cir. 1982)).

Even assuming ANB is a necessary party under Rule 19(a), it is not, at this juncture, an indispensable party under Rule 19(b). The crux of this case concerns the contractual rights between a law firm and its client and after a "pragmatic" analysis, the above factors lean in favor of Plaintiff. At the outset, Plaintiff would not have an adequate remedy if the Court dismisses the case. ANB has already sought bankruptcy protection for the alleged claim. Thus, ANB is able to adequately defend whatever interest it may have via bankruptcy protection. Finally, by

finding a contractual or equitable relationship between Plaintiff and Defendant, the Court can fashion an adequate remedy without the presence of ANB.

Accordingly, ANB is not an indispensable party which necessitates dismissal of this lawsuit.

### III. CONCLUSION

Defendant's Motion is **DENIED**. First, under Ohio law, an implied in fact contract may be created by implication based on the conduct of the parties. Plaintiff has provided adequate information to create such an implication. Second, Plaintiff has adequately stated equitable claims for Unjust Enrichment and Promissory Estoppel. Finally, ANB is not an "indispensable party" under Rule 19. The Court therefore **DENIES** Defendant's Motion.

**IT IS SO ORDERED.**

                               s/ Christopher A. Boyko
                               **CHRISTOPHER A. BOYKO**
                               **United States District Judge**

**Dated: June 13, 2019**